SCALISE ET AL., APPELLANTS, *v.* SUMMIT COUNTY SHERIFF, APPELLEE.

(No. 82AP-262—Decided August 17, 1982.)

*Germano, Rondy & Ciccolini Co., L.P.A.,* and *Mr. Thomas A. Ciccolini,* for appellants.

*Mr. Lynn C. Slaby,* prosecuting attorney, and *Mr. Michael J. Spetrino,* for appellee.

STRAUSBAUGH, J. This is an appeal by appellants from a judgment of the Franklin County Court of Common Pleas which affirmed an order of the State Personnel Board of Review that R.C. 124.37 is not applicable to county sheriffs' departments.

The record indicates that as a result of a lack of funds that occurred in the Sheriff's Department of Summit County a large number of deputy sheriffs were subjected to a layoff. All parties involved, including the appellants herein, stipulated on the record before the administrative law judge of the State Personnel Board of Review, that there was a legitimate lack of funds as certified, that appellee's notices of layoff to appellants were procedurally correct and that the dates of rank were correct as published by appellee. The parties agreed that appellee accurately stated appellants' dates of hire on the layoff list and correctly calculated appellants' retention points.

Appellants set forth a single assignment of error:

"The trial court erred in that it did not reverse or substantially modify the report and recommendation of the Administrative Law Judge."

The issue in this case is very simple: Does the specific reference to police and fire departments in R.C. 124.37 exclude county sheriffs' departments?

R.C. 124.37 provides, in part, as follows:

"When it becomes necessary *in a police or fire department,* through lack of work or funds, or for causes other than those outlined in section 124.34 of the Revised Code, to reduce the force in such department, the youngest employee in point of service shall be first laid off. Should a position in the police or fire department once abolished or made unnecessary be found necessary to be re-created or re-established within three years from the date of abolishment, or should a vacancy occur through death, resignation, or any other cause within three years from the date of the abolishment of the position or layoff, the oldest employee in point of service of those laid off shall be entitled to the position, providing he was at the date of his separation a regular and permanent employee. * * *" (Emphasis added.)

Appellants contend that R.C. 124.37 should be applied to layoffs of county deputy sheriffs for the reason that deputy sheriffs, like police officers, are also police officers. We cannot agree. R.C. 124.37 refers only to police and fire departments. The legislature did not include county sheriffs' departments or any other law enforcement agencies. For this court to interpret the statute in the manner appellants seek would be for this court to indulge in judicial legislation which this court has consistently refused to do.

We, therefore, find appellants' single assignment of error not well taken; it is overruled and the judgment is affirmed.

*Judgment affirmed.*

MCCORMAC and MOYER, JJ., concur.